**TRAVELERS INS. CO. v. BRANHAM,**
**Deputy Com'r, et al.**
**Civil Action No. 4323.**

District Court, E. D. Pennsylvania.
June 4, 1945.

Evans, Bayard & Frick, Benjamin O. Frick, and Arthur H. Clephane, all of Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, U. S. Dist. Atty., of Philadelphia, Pa., Charles R. Sheidy, Jr., Asst. U. S. Dist. Atty., of Reading, Pa., and Freedman, Landy & Lorry and Charles Lakatos, all of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

On July 21, 1939, John Bernatowicz, a longshoreman, sustained an injury in the course of his employment. On March 7, 1940, he filed a claim petition with the then deputy commissioner, the present deputy commissioner's predecessor. Protracted proceedings followed including a number of hearings, review proceedings in the District Court and an appeal to the Circuit Court of Appeals. The issue throughout was whether Bernatowicz's permanent total disability which began in February 1940 was the result of the injury, the claimant's contention being that the injury had aggravated a pre-existing disease. The medical question presented was novel and apparently perplexing and most of the testimony was that of physicians. The net result of the proceedings was that it was finally determined that the claimant was totally disabled as a result of the accident and that such disability existed as late as March 6, 1942.

Compensation payments were continued until the death of Bernatowicz which occurred January 15, 1944. Then his widow, the present claimant, filed claim for compensation on account of her husband's death. The insurance carrier resisted the claim upon the ground that the death did not result from the injury. The medical issues were of the same general nature as those developed in the proceedings on the claim petition. After hearing the evidence the deputy commissioner found "that the injury sustained by said employee aggravated a pre-existing diseased condition known as Buerger's disease and hastened his death; that the death of the employee is causally related to the injury he sustained; that there is no independent intervening cause to which the death might be attributed." This proceeding for review followed and the matter is before the Court upon the claimant's motion for summary judgment. Taking up in order the points made by the insurance carrier against the motion, I hold as follows:

■ 1. It was not error for the deputy commissioner to admit in evidence the transcript of testimony taken at the hearings upon the disability claim.

The Longshoremen's Act was adopted from the New York Workmen's Compensation Law and the Circuit Court of Appeals for the Third Circuit has decided, West Penn Sand & Gravel Co. v. Norton, 3 Cir., 95 F.2d 498, that the Act should be given the settled construction which the New York Courts had given to the New York statute prior to the enactment of the federal law. Section 923, 33 U.S.C.A., of the Longshoremen's Act provides, that the deputy commissioner "shall not be bound by common law or statutory rules of evidence or by technical or formal rules of procedure * * * but may make such investigation or inquiry or conduct such hearing in such manner as to best ascertain the rights of the parties." Under this section as construed by the New York courts the transcripts of' testimony were clearly admissible. In addition, it is difficult to see why they would not be, by any reasonably liberal construction of the Act. True, the insurance carrier did not have an opportunity in the earlier hearings to cross-examine the witnesses upon the principal issue in this proceeding, namely the causal connection between the injury and the death, John Bernatowicz being still alive, but it could and did cross-examine fully upon the causal connection between the injury and the claimant's condition as of that time, which was the only purpose for which the notes of testimony were offered in the present case.

■ 2. It was entirely proper for the deputy commissioner to call the attention of the experts to a certain portion of a medical treatise of recognized authority which he had read and to ask for their opinions in the light of and with special reference to

the statements therein made. Although portions of the treatise were necessarily read to the witnesses in order to interrogate them intelligently, and therefore appear in the notes of testimony, it will be noted that the commissioner did not base his findings upon the statements in the treatise itself, as independent evidence, but upon the opinions of the experts after having read and discussed those statements.

■ 3. There was competent evidence to support the referee's findings that Bernatowicz, "while performing services for the employer upon the navigable waters of the United States, sustained injury; that the injury aggravated a pre-existing condition known as Buerger's disease and hastened his death and that the death of John Bernatowicz was causally related to the injury sustained by him." The evidence was conflicting, and from a medical standpoint the case was certainly an unusual one, arising from the fact that most of the manifestations of the disease both before and after the injury were in the right leg and foot whereas it was the left foot which was injured. However, the question is not whether this Court might have drawn a different conclusion from that of the deputy commissioner. The only matter before the Court is whether his findings are supported by evidence. I am satisfied that they are and, if so, they must be regarded as final and conclusive and not subject to judicial review.

Judgment may be entered for the defendants.